UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5968-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1]  He has a high school education and previously worked as an HVAC technician and an electrical apprentice.  (AR 812-13.)

Plaintiff filed an application for DIB in 2016, alleging disability beginning July 10, 2015. (AR 795.)  The application was denied at the initial and reconsideration levels and, after a hearing

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

on September 5, 2017, by ALJ John Michaelsen in a decision dated September 26, 2017. Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on January 19, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court, which reversed and remanded for further administrative proceedings. (AR 857-78.)

On remand, the ALJ held a hearing on April 23, 2019, taking testimony from plaintiff. (AR 821-42.) On June 18, 2019, the ALJ issued a decision finding plaintiff not disabled from July 10, 2015, through his birthday in 2019 when he changed age category to an individual of advanced age and thus became disabled by operation of the Medical-Vocational Guidelines. (AR 795-814.)

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's depression, anxiety/PTSD, and history of left ankle arthritis with flat feet severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

light work with occasional balancing, alternating between sitting and standing as needed, in a low stress environment, performing simple, repetitive, routine tasks. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Relying vocational expert testimony from the earlier September 2017 hearing, the ALJ found plaintiff capable of performing other jobs, such as work as an electrode cleaner, wafer cleaner, and electronic welding inspector.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in evaluating the medical evidence, his testimony, and a lay witness statement. Plaintiff further contends his constitutional rights were violated because no vocational expert testified at his 2019 hearing, and the ALJ was not properly appointed at the time of the 2017 hearing and decision. He requests remand for further administrative proceedings. The

ORDER
PAGE - 3

1  Commissioner argues the ALJ's decision has the support of substantial evidence and should be
2  affirmed.

3  Medical Evidence

4  The ALJ is responsible for assessing the medical evidence and resolving any conflicts or
5  ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th
6  Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When
7  evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not
8  substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

9  Plaintiff lists several items of medical evidence, arguing they confirm he "has impairments
10 which can reasonably be expected to cause some symptoms and limitations." (Dkt. 11 at 3.) This
11 is undisputed, as the ALJ found plaintiff's "medically determinable impairments could reasonably
12 be expected to cause some symptoms" and included extensive limitations in the RFC. (AR 802;
13 AR 801.)

14 Plaintiff also makes a conclusory assertion that "the ALJ did not state any persuasive
15 reason for rejecting the VA rating decision" of 70% disability. (Dkt. 11 at 9.) The ALJ found the
16 rating decision included no explanation and gave the rating only "some weight" as "unsupported
17 and of minimal probative value." (AR 812.) Plaintiff offers no argument the ALJ's findings were
18 unsupported by substantial evidence or his reasons were legally erroneous.

19 Plaintiff has shown no error in the ALJ's evaluation of the medical evidence.

20 Symptom Testimony

21 Absent evidence of malingering, an ALJ must provide specific, clear, and convincing
22 reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133,
23 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what

testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p. [2]

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely consistent with the medical and other evidence in the record. The ALJ accounted for plaintiff's testimony of foot impairments with a sit/stand option in the RFC but discounted plaintiff's mental symptom testimony as inconsistent with failure to report such severe limitations to his providers, improvement with treatment, and his activities. (AR 803-10.)

At the 2017 hearing plaintiff testified when he woke up in the morning he experienced "about two hours['] worth of real mental fog, due to the sleep apnea, and, usually, a headache." (AR 43.) The ALJ discounted plaintiff's "allegations of daily debilitating headaches and mental fog, which he would likely report to his healthcare providers if truly as severe and debilitating as alleged." (AR 808.) The ALJ also discounted plaintiff's testimony he spent three or four days a month in bed because such a "significant degree of debilitation … would likely be reported to medical providers." (*Id.*) The issue is not, as plaintiff contends, that he "did not report all of his

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 5

symptoms at every medical appointment," but that he did not report them at all and thus did not seek treatment for such allegedly disabling symptoms. (Dkt. 11 at 12.) Unexplained failure to seek treatment was a clear and convincing reason to discount plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated").

As the ALJ noted, after working with a psychologist, plaintiff in June 2016 was able to recognize "that he does not seem to have panic attacks…, that most episodes are closer to anxiety s[ymptoms] and stressful moments." (AR 392; AR 804.) Yet at the September 2017 and April 2019 hearings plaintiff testified panic attacks prevented him from working. (AR 41, 840.) These inconsistent statements further support the ALJ's discounting of plaintiff's mental symptom testimony.

The Court concludes the ALJ did not err by discounting plaintiff's testimony. Inclusion of other, erroneous reasons was harmless. *Carmickle*, 533 F.3d at 1163.

Lay Witness Statement

The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). The ALJ gave plaintiff's wife's statement "limited weight" as inconsistent with the medical record and plaintiff's activities. (AR 811.) The ALJ rejected her reports of severe medication side effects because plaintiff took the same medication for long periods without complaining of side effects. The ALJ reasonably inferred a claimant suffering such severe side effects would report them to his doctors. The absence of such reports was a germane reason to discount plaintiff's wife's statement. The ALJ also discounted her statement that plaintiff had difficulty sitting, reaching, and kneeling, because

the record showed no impairment that could cause such difficulty. This was also a germane reason. The Court concludes the ALJ did not err by discounting plaintiff's wife's lay witness statement.

Vocational Expert

Plaintiff asserts his procedural due process rights were violated because he received a hearing notice stating a vocational expert would testify at his April 2019 hearing but none did. Plaintiff offers no authority for the proposition that any constitutional right was violated. *See Carmickle*, 533 F.3d at 1161 n. 2 (declining to address issues not argued with any specificity); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to "manufacture arguments for an appellant"). Moreover, plaintiff's attorney made no objection to the absence of a vocational expert, and plaintiff has shown no harm. At the April 2019 hearing the ALJ stated he decided it was "not necessary" to call a vocational expert again and plaintiff's attorney replied, "All right, thank you." (AR 841.) The attorney and the ALJ agreed that previous vocational expert testimony established, if plaintiff missed work "at least two days per month, … that would preclude gainful employment." (AR 842.) Plaintiff fails to show his constitutional rights were violated.

Appointments Clause

There is no dispute the ALJ was properly appointed during the April 2019 hearing and when the June 2019 decision was issued. However, relying on *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), Plaintiff contends the ALJ was not properly appointed at the time of the September 2017 hearing and decision. The Court notes that, although *Lucia* was decided in 2018, plaintiff failed to raise the issue before, during, or after the 2019 hearing, the 2019 decision, or before the Appeals Council. Plaintiff asks the Court to find a violation of *Lucia* only "[i]f the Court does not reverse the ALJ's decision based upon [his] other arguments." (Dkt. 11 at 18.)

ORDER
PAGE - 7

In *Lucia* the remedy was a rehearing by a new ALJ. 138 S. Ct. at 2055. Plaintiff argues that because his 2019 hearing and decision were before the same ALJ, the decision must be vacated and his case must be remanded for rehearing before a different ALJ.

The Supreme Court, however, "d[id] not hold that a new officer is required for every Appointments Clause violation." *Lucia*, 138 S. Ct. at 2055 n. 5. The ALJ in *Lucia* "ha[d] already both heard Lucia's case and issued an initial decision on the merits. He c[ould] not be expected to consider the matter as though he had not adjudicated it before." *Id.* at 2055. On remand, the ALJ would have been facing the same case in the same procedural posture, and would have had little reason to approach it differently. The situation here differs. While the ALJ had adjudicated the case before, specific portions of his decision were reversed by this court. The ALJ in 2019 was not facing the same case in the same circumstances. Any ALJ who heard the case would be required to adjudicate it in light of the court's order. The situation here differs from *Lucia* because the ALJ was not simply repeating the same decision-making process he had already performed. The Court concludes *Lucia* does not invalidate the ALJ's 2019 decision.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>10th</u> day of July, 2020.

Mary Alice Theiler
United States Magistrate Judge